By the Court, Crockett, J.:
The appeal in this case is from a judgment in favor of the defendant, upon a demurrer to the complaint. The facts, as set forth in the complaint, are substantially, that the plaintiff obtained a money judgment against the defendant, and caused an execution thereon to be levied on certain property as the property of the defendant, and which was of sufficient value to have satisfied the debt. That whilst said action was pending, and before judgment thereon, the defendant fraudulently and without consideration conveyed the property to one Beggs, for the purpose of hindering, delaying, and defrauding the plaintiff, and “with the intent to and for the purpose of inducing the said plaintiff to think and believe that he, the said John Buchanan, had no property, and would thereafter have no property, and to fraudulently induce him, the said plaintiff, to let said judgment run without renewal until the Statute of Limitations should have run against it;” that the conveyance was in writing, duly executed and delivered, and the possession of the property was delivered to Beggs; that whilst the property was so in the possession of Beggs, the plaintiff caused his execution to be levied on it as the property of the defendant; that thereupon Beggs claimed the property as his; and whilst it was thus in the hands of the Sheriff under the execution, the defendant, with *266 the intent to defraud the plaintiff, and to induce him to surrender the property and to release it from the levy, and to . cause the plaintiff to believe that the defendant had no property, and to induce him to suffer his judgment to be and remain without further suit, until the Statute of Limitations should run against it, and to hinder the plaintiff from obtaining satisfaction of said judgment and execution, willfully, falsely, and fraudulently represented to the plaintiff and to the Sheriff that the property levied upon was the property of Beggs, and that the conveyance to him was in good faith and for a valuable consideration; that the plaintiff, being deceived by these representations, and believing them to be true, and having no means to ascertain the contrary, and not knowing to the contrary, released the property from the levy, and thereby lost his debt; that within five years next after the date of the judgment, the plaintiff was unable to find any property of the defendant wherewith to satisfy any part of the judgment, during all which time the defendant had no property in his possession, and none except that conveyed to Beggs. The complaint further avers that after the expiration of five years an action was commenced against the defendant on the judgment, to which he pleaded the Statute of Limitations; and the plea being found good, judgment was rendered for the defendant in March, 1861; after which, to wit: in February, 1863, Beggs reconveyed the property to defendant; that the plaintiff, being deceived by the false and fraudulent representations of the defendant, and believing therefrom, until long after said five years had expired, that the defendant had no property, and that the judgment was of no value, failed for that reason to bring his action on the judgment until after five years had elapsed.
The complaint further avers that the fraud in the conveyance to Beggs was not discovered by the plaintiff until within two years next before the commencement of this action, to wit: until about January 1st, 1866, the complaint being filed in February, 1867.
*267 The District Court sustained a demurrer to the complaint, and the plaintiff has appealed.
That an action lies, for a false and fraudulent representation, whereby another has suffered damage, may be stated as a general proposition, which is too familiar to require comment. The demurrer admits the truth of every material fact alleged in the complaint; and without recapitulating these facts we make the following summary of them, to wit: That the defendant had sufficient property to pay the plaintiff’s debt, and in anticipation of the judgment against him fraudulently conveyed all his property to Beggs; that after this property was seized under the plaintiff’s execution, the defendant falsely and fraudulently represented to the plaintiff that the conveyance to Beggs was fair and bona fide; that the plaintiff had no means of ascertaining the falsity of this statement, and believing it to be true, released the property from the levy; that the defendant had no visible property in his possession; and believing that the judgment was worthless, the plaintiff allowed the Statute of Limitations to run against it; that after escaping from the judgment in this way, the defendant procured a reconveyance from his fraudulent confederate, Beggs, and is now in possession of the property; that the plaintiff did not discover the fraud until shortly before the commencement of this action.
If these allegations be true, it is impossible to escape the conclusion that there was a false and fraudulent representation by the defendant, by means of which the plaintiff, without any fault or negligence on his part, lost his debt.
The counsel for the defendant makes but two points in support of the demurrer, to wit: 1st—That the plaintiff suffered no damage by the fraudulent representation; and, 2d— That the plaintiff has shown no diligence to discover the fraud.
On the first point his proposition is, that the judgment, notwithstanding the fraud, remained in force for five years, during all of which time it might have been enforced; and if the plaintiff had discovered the fraud immediately, he could *268 not have recovered another judgment founded on the fraud, because he already had a judgment for the same debt; and he insists that if the plaintiff could not originally have recovered for the fraud, he cannot do so now. In- other words, the argument is, that, having had a valid judgment, under which the fraud might have been exposed, the plaintiff was not damaged by being deprived of the opportunity to obtain a second judgment, which would have been no more effectual than the first.
This argument is more sophistical than sound. The gravamen of the action is that, by reason of the false and fraudulent representations of the defendant, the plaintiff was induced to take no steps to enforce the first judgment until after it became'barred by the statute. We are aware of no principle of law which affords immunity to a fraudulent debtor, who, by his deceitful practices, induces the creditor to forbear his efforts to collect his debt until after it has become barred by lapse of time. Every principle of reason and justice demands that a fraud of this nature should not be allowed to deprive the creditor of his just rights.
On the question of diligence the averments of the complaint are sufficient. If the defendant, by his fraudulent practices, afforded just grounds to believe that he had no property, it cannot be imputed as negligence to the plaintiff that he failed to discover the secret fraud practiced between Beggs and the defendant.. The allegation that a defrauded creditor has been tardy in his efforts to unravel the fraud comes with a bad grace from those who secretly concocted it.
Judgment reversed, and the Court below ordered to overrule the demurrer, with leave to answer.